# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| V. | CASE NUMBER: 1:18-mj-00210 |
| **WILLIE REYNOLDS** | |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about February 21, 2018, in Marion County, in the Southern District of Indiana defendant did,

Count 1: Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Section 922(g)(1).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached AFFIDAVIT

Continued on the attached sheet and made a part hereof.

_____
Christopher J. Heffner, Task Force Officer, ATF

Sworn to before me, and subscribed in my presence

March 6, 2018
**Date**

at Indianapolis, Indiana

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

_____
**Signature of Judicial Officer**

## AFFIDAVIT

Your Affiant, Lieutenant Christopher J. Heffner being first duly sworn upon my oath, state as follows:

### Affiant Background and Purpose of Affidavit

1. I am a police officer with the Marion County Sheriffs' Office (MCSO). I have been a police officer in Indianapolis and Marion County, Indiana for the past thirty-three (33) years. I am a "law enforcement officer" as defined in Indiana Code Section 35-31.5-2-185.

2. I am also a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I was a TFO with ATF from 2007 to 2012, and I have been an active TFO from 2013 to present. In connection with my official duties, I am involved in investigations relating to violations of Federal and Indiana firearms laws.

3. I have received training related to the enforcement of federal and Indiana criminal laws, including the following:

4. My initial training was at the Indiana Law Enforcement Academy in 1985. I have satisfied the minimum basic training requirements established by rules adopted by the Law Enforcement Training Board under Indiana Code section 5-2-1-9 and described in 35-37-4-5.

5. I have attended multiple schools relating to interview and investigation techniques, both through MCSO and the Indianapolis Metropolitan Police Department (IMPD), including the Drug Enforcement Administration (DEA) Investigations and Undercover Academy, the ATF Academy, and the Southern Police Institute/University of Louisville Homicide and Death Investigations School.

6. I also have extensive training and schooling in investigations of narcotics, firearms, and homicide crimes, as well as other covert investigations. I have conducted more than one

thousand narcotics and/or firearms investigations. I also receive yearly in-service training through the IMPD, MCSO, and ATF.

7. This Affidavit is submitted in support of a criminal complaint charging Willie REYNOLDS (date of birth is XX/XX/1982 and SSN XX-XXX-7973) with Possession of a Firearm By a Prohibited Person in violation of Title 18, United States Code, Sections 922(g)(1). The information contained in this Affidavit is a combination of information known to me personally and related to me by other law enforcement officers either through direct conversations with them or through their official written reports.

## Facts Supporting Probable Cause

8. On February 21, 2018, Indianapolis Metropolitan Police Department (IMPD) officers responded to 3601 S. Shelby Street, Indianapolis, Indiana on a report of "shots fired." A witness identified two individuals involved as suspects: Jermaine Davis and Willie REYNOLDS. The witness stated she heard the front seat passenger in Jermaine Davis's vehicle, whom she knows as REYNOLDS, yell "no!" and stated Jermaine Davis then discharged the handgun at her approximately 4 times, striking her vehicle. The witness stated at one point that she believed Jermaine Davis was pointing the handgun at the gas tank of the vehicle in an attempt to blow the car up and kill her. The witness also stated that Jermaine Davis was pointing the handgun at her when he fired it.

9. On February 22, 2018, Jermaine Davis was taken into custody after being observed leaving the residence of REYNOLDS, at 514 North Chester Street, with REYNOLDS by Officers surveilling the residence. Jermaine Davis was driving a Black Chevy Cobalt, and REYNOLDS seated in the front passenger seat. During Davis's arrest, officers observed an empty black nylon handgun holster, with a loaded magazine in the pouch affixed to the holster,

on the rear floorboard of the vehicle. Officers seized the magazine and holster, knowing both Davis and REYNOLDS to be prohibited persons, and for its potential connection to the shooting stated above. On February 22, 2018, IMPD officers executed a search warrant at 514 North Chester Avenue, Indianapolis, Indiana, REYNOLDS' residence. A loaded BERSA .380 handgun, serial number C49068, was recovered from the residence. On March 1, 2018, your affiant personally viewed the BERSA .380 pistol recovered from the REYNOLDS residence, and the holster and magazine recovered from the Black Chevy Cobalt during Davis' arrest. Your affiant observed that the magazine recovered in the empty holster was fully loaded with .380 ammunition, and had BERSA stamped on the side. Furthermore, the magazine functioned in the BERSA .380 pistol recovered from REYNOLDS's residence during the search warrant.

10. On February 23, 2018, IMPD Detective Jason Ross conducted a recorded telephone interview of REYNOLDS, who stated the police confiscated a .380 handgun from the residence when they executed a search warrant. REYNOLDS stated he knows he is prohibited from owning a firearm because he is a convicted felon, but the handgun belongs to his 12-year-old son and though he keeps it in the house, he "spaced" that it was even there.

11. REYNOLDS stated the handgun had not been fired in two (2) months, since REYNOLDS purchased it. REYNOLDS stated when he first purchased the gun he had taken the gun shooting and has not shot it since.

12. REYNOLDS further stated his house had previously been broken into, and a different gun that belonged to his son was stolen, and he had bought the handgun recovered by police during the search warrant, to replace the one that had been stolen.

13. REYNOLDS had previously sustained convictions for crimes punishable by more than one year of imprisonment, including: Burglary (a C-felony) Hancock County (Indiana)

3

Superior Court, cause number 30D01-0304-FC-000087 on December 3, 2003, and Theft (a level 6-felony) in Marion County (Indiana) Superior Court cause number 49G24-1604-F6-014471, on or about April 26, 2016.

14. ATF Special Agent Brian Clancy, a firearms nexus expert with training specific to determining the manufacturing origin of firearms in the United States, verified that the BERSA .380 handgun, serial number C49068, was not manufactured in the State of Indiana. Accordingly, the BERSA pistol was shipped or transported in interstate or foreign commerce.

**Summary and Request**

1. Based on the information in this Affidavit, I submit there is probable cause to believe that on or about February 22, 2018, Willie REYNOLDS possessed a firearm while being a prohibited person in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I respectfully request this Court issue a criminal complaint charging him with that offense along with a warrant for his arrest.

_____
Christopher J. Heffner, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me, and subscribed in my presence, this 6th day of March 2018.

_____
Mark J. Dinsmore, Magistrate Judge
United States District Court
Southern District of Indiana

4